:e Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3806 | DATE | 10/21/2004 |
| CASE TITLE | AIR PLUS V. TRANSPORTATION SERVICES, ET AL | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____.
3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
4) ☐ Ruling/Hearing on _____ set for _____ at _____.
5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
7) ☐ Trial[set for/re-set for] on _____ at _____.
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
10) ■ [Other docket entry] Motion (17-1) to dismiss is granted as to Counts VI and VII. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| DW | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AIR PLUS LIMITED,

    Plaintiff,

v.

TRANSPORTATION DISTRIBUTION SERVICES, INC., DAKOTALAND TRUCK BROKERAGE, INC., NG EXPRESS, INC., DEJAN MILJAKOVIC, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, UNDERWRITERS AT LLOYDS OF LONDON, and JOHN DOE 1,

    Defendants.

No. 04 C 3806
Judge James B. Zagel

**DOCKETED**
OCT 2 8 2004

## MEMORANDUM OPINION AND ORDER

On June 3, 2004, Plaintiff Air Plus Limited ("Air Plus") filed a multi-count Complaint against several defendants, arising out of the theft of a shipment containing electronic equipment. The trailer in which the electronics were being shipped was stolen while parked overnight in Addison. Air Plus has asserted causes of actions against Defendants Transportation Distribution Services, Inc., Dakotaland, Inc., NG Express ("NG"), and Dejan Miljakovic under the Carmack Amendment, 49 U.S.C. § 14706. In conjunction with and as a derivative of its Carmack allegations, Air Plus has asserted causes of action against Defendant Lloyds of London ("Lloyds"), as a statutory surety of NG and Miljakovic, pursuant to BMC 32 and/or BMC 34 surety bonds.

Lloyds now moves to dismiss Counts VI and VII of the Complaint for lack of subject matter jurisdiction. Where it appears from the complaint that there are insufficient facts upon

which subject matter jurisdiction may be determined, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(1). The federal question statute gives the district courts original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Dismissal under § 1331(a) is proper if a cause of action is so patently without merit as to justify dismissal for want of jurisdiction. *Lasalle Nat'l Trust, N.A. v. ECM Motor. Co.*, 76 F.3d 140 (7th Cir. 1996). Whether a claim "arises under" federal law must be determined by references to the well-pled complaint rule. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986). Merely alleging a violation of federal law does not necessarily confer jurisdiction to the district court. *Id.* at 804.

In its Complaint, Air Plus claims that federal subject matter jurisdiction exists under 49 U.S.C. § 13906(a)(3)[1] and § 13906(f).[2] However, even a cursory reading of § 13906 demonstrates that the statute was not intended to create a federal cause of action against a statutory insurer, such as Lloyds. Section 13906(a)(3) and (f) vests the Secretary of Transportation with the power to require motor carriers to have security and to determine what type of security is most appropriate. The Section itself does not confer any rights or obligations on the shipper or the insurer.

---

[1] 42 U.S.C. §13906(a)(3) states that "the Secretary may require a registered motor carrier to file with the Secretary a type of security sufficient to pay a shipper or consignee for damage to property of the shipper or consignee placed in the possession of the motor carrier as the result of transportation provided under this part. A carrier required by law to pay a shipper or consignee for loss, damage, or default for which a connecting motor carrier is responsible is subrogated, to the extent of the amount paid, to the rights of the shipper or consignee under any such security."

[2] 42 U.S.C. §13906(f) states that "the Secretary shall also prescribe the appropriate form of endorsement to be appended to policies of insurance and surety bonds which will subject the insurance policy or surety bond to the full security limits of the coverage required under this section."

A similar situation arose in *Ore-Ida Foods, Inc., v. Richmond Transp. Serv., Inc.*, 783 F. Supp. 382 (N.D. Ill. 1992). In *Ore-Ida*, a shipper brought suit against several motor carriers and their insurers for cargo damage, alleging that federal question jurisdiction existed under 49 U.S.C. §§ 10101 ("ICA"). *Id.* at 384. Much like the case before me here, the defendant surety had issued the carrier a BMC 32 endorsement and filed a form BMC 34, as required by the Interstate Commerce Commission. After reviewing the relevant sections of the ICA, which contain language very similar to the language at issue in this case, the court concluded that the ICA did not confer federal question jurisdiction on the defendant insurer. *Id.* at 386. In making this decision, the court looked specifically at the direction of the statute, finding that "it creates no rights, duties, or obligations. Rather, it gives the ICC the ability to require, if it so chooses, a motor common carrier to obtain security." *Id.* at 385-86. The statute before me, § 13906, is similarly directed toward the powers granted to a government entity, the Secretary of Transportation, and does not directly confer any rights onto interstate carriers or their insurers. Furthermore, as was the case in *Ore-Ida*, the Plaintiff is not claiming that the statute was violated by any party. Like the court in *Ore-Ida*, I find the cause of action presented is only tacitly related to the subject matter of the statute, which deals exclusively with the powers of a government agency and not the rights of the parties at issue in this case. For these reasons, I find that subject matter jurisdiction is lacking.

Air Plus also attempts to pursue its suit for loss owing to the stolen electronics shipment directly against Lloyds. Under Illinois state law, however, a direct action against an insurer is prohibited. 315 ILCS 5/388 (West 2004). Only after judgment has been obtained and execution of that judgment remains unsatisfied, is the shipper permitted to bring a direct action in state

3

court against an insurer for loss of cargo. *See Mar San v. Ins. Co. of N. Am.*, 407 N.E.2d 969 (Ill. App. Ct. 1980). Air Plus argues that a judgment has been rendered against NG since NG has not answered or otherwise pled within the proper time after receiving service of the Complaint. Even if I were to enter a default judgment against NG, that default could still be vacated within a reasonable amount of time. The other Defendant insured by Lloyds, Miljkovic, has not yet received service. Thus, we are still far away from the final adjudication necessary to create grounds for a direct action against Lloyds. Since the case is only in its primary stages, a direct suit against Lloyds would be premature.

For these reasons, Lloyds' Motion to Dismiss Counts VI and VII of the Complaint is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 21 Oct 2004